## IMPLIED PROMISE TO PAY FOR SERVICES.

[Circuit Court of Hamilton County.]

JAMES W. BROWN v. B. MERRILL RICKETTS.

Decided, February 20, 1905.

*Pleading—Not Defective for Failure to Aver Implied Promise to Pay for Services, When—Special Verdict—Judgment Granted Upon, When—Not Defective, When.*

1. A petition on an implied contract to pay the reasonable value of services rendered is not fatally defective because it contains no averment of a promise to pay.
2. A special verdict in such case finding that defendant by his conduct requested such services, and that plaintiff at the time expected defendant to pay him, and that defendant intended to become liable, sufficiently shows a contract.
3. Such special verdict is not defective in failing to find the particular conduct from which the request is inferred, for that would be presenting the evidence and not the fact established by it.

GIFFEN, J.; JELKE, J., and SWING, J., concur.

The plaintiff below, Dr. Ricketts, avers in his petition, in substance, that at the instance and request of defendant, James W. Brown, he rendered professional services to Frank Brown, a son of the defendant, and that the fair value of such services is $780.

The defendant by answer admits the performance of the services, but denes each and every other allegation of the petition, and further avers that Frank Brown, the son of the defendant, was over twenty-one years of age at the time of the alleged request by the defendant.

The jury returned a special verdict, the substance of which is contained in the first and fifth paragraphs, to-wit:

"That prior to the furnishing by plaintiff of the surgical operation and other services, board, lodging and nursing for the treatment and care of Frank Brown, the defendant requested plaintiff by his conduct to furnish the same; that at the time of said request plaintiff expected defendant to pay him, and defendant expected to pay plaintiff for the same; that the reasonable value thereof at the time they were furnished was $600;

that the furnishing of the same was completed on March 31, 1900, and that payment thereof was then demanded by plaintiff from defendant and refused.

"That plaintiff expected to be paid by defendant, and defendant expected and intended to become liable to plaintiff at the time when plaintiff furnished professional services, board and lodging in the healing and care of defendant's son; that the reasonable value of the same at the time when the same was so furnished was $600; that the furnishing of the same was completed on March 31, 1900, and payment thereof was then demanded by plaintiff from defendant and refused."

It is claimed that the court erred in rendering judgment upon the special verdict in favor of the plaintiff for the reason that the jury did not find all the facts necessary to sustain such judgment. The verdict, however, responds to every material averment in the petition controverted in the answer, and if the special verdict is insufficient to support the judgment, the petition itself does not state facts sufficient to constitute a good cause of action unless they may be supplied by implication.

The principal objection to the special verdict is that the jury failed to find that the defendant promised to pay the plaintiff for the services requested. We think the better practice is to aver that the defendant agreed to pay the plaintiff as much as said services were worth (Swan's Pleading and Precedents, 503), although the omission seems not fatal to the cause of action (Bliss on Co-pleading, Section 152; Pomeroy's Code Remedies, Section 538, and following).

At all events, the defendant made no objection to the petition but proceeded with the trial as though the petition contained such averment. If upon consideration of the whole record substantial justice has been done, the court will not reverse for failure to plead a promise to pay. It is said, however, that the jury should nevertheless have found such fact, and counsel rely upon *Railway Company* v. *Gaffney,* 65 O. S., 104, the first proposition of the syllabus being:

"The meeting of the minds of parties upon its terms is necessary to the making of a contract; and this is so whether it be an express contract or an implied one, if in the latter case the contract to be proved is an actual one as distinguished from a constructive contract."

The jury in this case have found that the defendant requested plaintiff by his conduct to furnish the services; that at the time of said request plaintiff expected defendant to pay him and defendant intended to become liable to plaintiff. This shows a meeting of the minds of the parties upon all the essential terms of the contract unless it be necessary to find that the defendant promised to pay a reasonable value for the services. In the 15th Am. & Eng. Encyc. of Law, page 1081, the rule is stated as follows:

"It is well settled that where one performs the services for another at his request, but without any agreement or understanding as to wages or remuneration, the law implies a promise on the part of the party requesting the services to pay a just and reasonable compensation, unless there is a family relation existing between the parties, and this remuneration is recoverable on a *quantum meruit.*"

Professor Keener, in his work on Quasi-Contracts, at pages 4 and 5, says:

"Suppose, however, that A should write to a livery-keeper simply requesting him to send a coupe to his house at a certain hour, and the coupe was sent and used by A, there would certainly be no express contract, since A has never in words said that he intended to assume any obligation in favor of B. And yet A's conduct speaks quite as loudly as words, and leaves no doubt of his intention to enter into a contract with B for the use of the coupe. No one would question that A had communicated such an intention to B, and that he can be fairly said to have promised to pay him for the use of his property."

If the conclusion is so self-evident that no one would question it, then certainly it is such a conclusion as the court may draw from the facts already found by the jury. It would have added no fact to the special verdict had the jury found that a contract was made by the parties, and that the defendant thereby became indebted to the plaintiff, each of which is a conclusion of law.

Counsel for plaintiff in error also claims that the jury should have set forth in their verdict the particular conduct from which the request is inferred or implied, but this would be

presenting the evidence to prove the fact and not the fact as established by the evidence, and, therefore, in violation of Section 5200, Revised Statutes.

This is the second trial of the case with a like result in each, and, substantial justice being done, the judgment will be affirmed.

*W. A. Hicks* and *George H. Kaltenhorn,* for plaintiff in error. *Bates & Meyer,* for defendant in error.